IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREA PETERSON, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:16-CV-3528-RWS |
| : | |
| EXPERIAN INC., et al., : | |
| : | |
| Defendants. : | |

### ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge Linda T. Walker [Doc. No. 13]. Having carefully reviewed the record, the Report and Recommendation, and the objections filed thereto [Doc. No. 26], the Report and Recommendation [Doc. No. 13] is hereby approved and adopted as the opinion and order of this Court. As such, her FCRA claims will be allowed to proceed, and her FDCPA claims are DISMISSED.

Plaintiff has also filed a Motion for Hearing [Doc. No. 11] regarding her request for injunctive relief. Specifically, Plaintiff requests that Defendants "correct" her credit report. To obtain a preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the

AO 72A
(Rev.8/8 2)

threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." United States v. Jefferson Cnty., 720 F.2d 1511, 1518 (11th Cir. 1983) (quoting Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)). Any question as to the likelihood of success - the most important of the four factors - is sufficient to deny preliminary injunctive relief. Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-CV-00135-RWS, 2012 WL 603595, at *8 (N.D. Ga. Feb. 24, 2012). The Court finds that Plaintiff has not established a substantial likelihood of success on the merits and is unwilling to issue an injunction at this time. As such, Plaintiff's Motion for Hearing [Doc. No. 11] is DENIED.

Finally, Plaintiff has filed a Motion to Correct or Substitute Party Names [Doc. No. 25], which is unopposed. Plaintiff's Motion [Doc. No. 25] is GRANTED. The Clerk is DIRECTED to substitute the parties as follows:

Equifax Information Services LLC for Equifax Inc.

Experian Information Solutions Inc. for Experian Inc.

Trans Union, LLC for TransUnion Inc.

**SO ORDERED**, this 17th day of January, 2017.

_____
RICHARD W. STORY
United States District Judge